UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RISA A. ROSS,

                Plaintiff,

    -against-

ROBERT LICHTENFELD, individually,
PETER BRESLIN, individually, EVE
HUNDT, individually, MICHAEL
GORDON, individually, FELYCIA
SUGARMAN, individually, DONNA
WALSH, individually, BRUCE PAVALOW,
individually, WARREN SCHLOAT,
individually, KEVIN SHELDON, individually,
the BOARD OF EDUCATION OF THE
KATONAH-LEWISBORO UNION FREE
SCHOOL DISTRICT, and, KATONAH-
LEWISBORO UNION FREE SCHOOL
DISTRICT,

                Defendants.
------------------------------------------------------------x

07 Civ.   (   )



'07 CIV 00014

COMPLAINT

RECEIVED JAN 0 3 2007 USDC SDNY

**Jury Trial Demanded**

Plaintiff RISA A. ROSS, by her attorneys Lovett & Gould, LLP, for her complaint respectfully alleges:

### NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages proximately resulting from retaliatory conduct, engaged in jointly by Defendants while acting under color of New York State law, that violated Plaintiff's rights as guaranteed her by reason of the First Amendment to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

1

## THE PARTIES

3. Plaintiff RISA A. ROSS is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. At all times relevant to this complaint, except as otherwise indicated, she was employed by the Defendant District on a permanent tenured civil service basis in the job title: "Payroll Clerk Typist". As such she has a vested property interest in her continued employment with respect to which she cannot lawfully suffer a deprivation without first being accorded a pre-deprivation hearing consistent with due process.

4. Defendant ROBERT LICHTENFELD, who is sued in his individual and personal capacities only, at all times relevant to this complaint, was the duly appointed Superintendent of Schools for the Defendant District.

5. Defendant PETER BRESLIN, who is sued in his individual and personal capacities only, at all times relevant to this complaint was the duly elected President of the Board of Education of the Defendant District.

6. Defendants EVE HUNDT, MICHAEL GORDON, FELYCIA SUGARMAN, DONNA WALSH, BRUCE PAVALOW, and WARREN SCHLOAT each of whom is sued in his/her individual and personal capacities only, at all times relevant to this complaint were duly elected members of the Board of Education of the Defendant District.

7. Defendants BOARD OF EDUCATION OF THE KATONAH-LEWISBORO UNION FREE SCHOOL DISTRICT is the duly elected legislative body with ultimate responsibility for the government of the Defendant KATONAH-LEWISBORO UNION FREE SCHOOL DISTRICT. The District is a municipal corporate subdivision of the

State of New York duly existing by reason of and pursuant to the laws of said State. Defendant KEVIN SHELDON, who is sued in his individual and personal capacities only, is the Assistant Superintendent of Schools for the District.

## THE FACTS

8. In September of 2006 Plaintiff filed an action in this Court pursuant to 42 U.S.C. §1983 [Ross v. Lichtenfeld, 06 Civ. 06698 (SCR), hereinafter "Ross I"] alleging that each of the Defendants now named in the instant filing violated her rights as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

9. An initial pre-trial conference in Ross I was conducted on December 15, 2006.

10. Five days later and on December 20, 2006, pursuant to an agreement amongst the Defendants made subsequent to the service upon them of Ross I, Defendants terminated Plaintiff's employment.

11. In that connection Defendants were motivated and/or substantially motivated by an intention to punish and/or retaliate against Plaintiff for the exercise of her First Amendment rights in connection with the filing of Ross I and/or the substantive allegations of corruption as alleged therein.

12. By reason of Defendants' retaliatory conduct Plaintiff has been caused to suffer: monetary damages; loss of benefits; impairment of her professional career; emotional upset; anxiety; public humiliation; public embarrassment; public ridicule; punishment for petitioning government for the redress of grievances; retaliation for her exercise of her rights as guaranteed by the First Amendment; and has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM

13. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "12", inclusive.

14. Under the premises Defendants' retaliatory conduct violated Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

    a. Awarding against each individually named Defendant such punitive damages as the jury may impose,

    b. Awarding as against all Defendants such compensatory damages as the jury shall determine,

    c. Awarding as against all Defendants reasonable attorney's fees, and costs, and

    d. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       December 30, 2006

LOVETT & GOULD, LLP
By: _____
    Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401